■ JENNIFER L. ALFORD et al., Appellants, v PROGRESSIVE EQUITY FUNDING CORPORATION et al., Respondents. (Action No. 1.) ELLA MACDONOUGH et al., Appellants, v PROGRESSIVE EQUITY FUNDING CORPORATION et al., Respondents. (Action No. 2.)—Casey, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered March 30, 1988 in Chenango County, which denied plaintiffs' motions for summary judgment or, in the alternative, to compel defendants to comply with plaintiffs' demands for discovery.

Plaintiffs in action No. 1 are the purchasers of a parcel of real property located in Chenango County and plaintiffs in action No. 2 are the sellers of the real property. The corporate defendant in both actions, Progressive Equity Funding Corporation, is a mortgage bank to which the purchasers had applied for a mortgage loan to finance their purchase of the property, and the individual defendant, Michael J. Pichel, is one of the bank's corporate officers. These actions arise out of the bank's refusal to close on the loan as requested by the purchasers.

After service of defendants' answer, plaintiffs in each action served on November 5 or 6, 1987 a notice to admit facts, interrogatories and notice to obtain inspection of documents. On December 2, 1987, plaintiffs moved for summary judgment based on defendants' failure to respond or, in the alternative, for an order compelling defendants' compliance with the disclosure demands. The motion was returnable December 11, 1987. Defendants served replies to the notices to admit on December 7, 1987 and defendants submitted papers dated December 9, 1987 in response to plaintiffs' motion. Plaintiffs contend that they received defendants' replies and answering papers on December 12, 1987, the day after the return date of the motion. Supreme Court denied plaintiffs' motion in its entirety and this appeal ensued.

Plaintiffs contend that Supreme Court should have granted their motion for summary judgment since defendants' answering papers were not served sufficiently in advance of the return date to ensure that plaintiffs would receive the papers

prior to the return date. The argument is meritless. Since the notice of motion was served only nine days prior to the return date, the two-day answering time set forth in CPLR 2214 (b) was applicable, "virtually assuring that the movant [would not] receive the answering papers until the original return day of the motion ha[d] come and gone" (Siegel, 1984 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:9 [1988 Pocket Part], at 17). If plaintiffs wanted copies of defendants' answering papers sufficiently in advance of the return date to be able to respond, they could have demanded service of the answering papers at least seven days prior to the return date by giving at least 12 days' notice of the return date (CPLR 2214 [b]).

Next, plaintiffs contend that Supreme Court erred in permitting defendants' late service of replies to the notices to admit. CPLR 3123 (a) requires a response to a notice to admit within 20 days of service of the notice "or within such further time as the court may allow". Supreme Court exercised this discretionary power to extend the time to respond, and we see no abuse of discretion. Accordingly, defendants have not admitted all material facts at issue and, therefore, summary judgment was properly denied.

Plaintiffs' final argument is that Supreme Court erred in denying their alternative request for an order compelling defendants to answer plaintiffs' interrogatories. It is plaintiffs' contention that Supreme Court could not inquire into the propriety of the interrogatories since defendants failed to make a timely motion for a protective order. While the failure to make a timely motion for a protective order generally forecloses inquiry into the propriety of interrogatories, an exception has been carved out where the interrogatories are " 'palpably improper' " *(Handy v Geften Realty,* 129 AD2d 556). An examination of the interrogatories submitted by plaintiffs establishes that they are so irrelevant, overbroad and burdensome as to be "palpably improper". For example, plaintiffs seek all of the bank's records, resolutions and inter-office memoranda, without any limitation as to time or subject matter; and as to Pichel, plaintiffs seek his class rank, grade point average and extracurricular activities in high school, college and law school.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.