SHAWN BIPPLEY, Doing Business as VALLEY DISPOSAL, Respondent, v DALE HOLLENBACK et al., Appellants. [644 NYS2d 852] —Yesawich Jr., J.

On January 6, 1994, plaintiff, a garbage hauler, engaged defendant to rebuild the transmission and install a new clutch on his truck. Defendant performed the work, for which plaintiff paid $2,079.35. Less than three weeks later, the truck became inoperable, and after plaintiff had the truck towed to another repair shop it was discovered that the transmission had been damaged beyond repair. A new transmission was installed for which plaintiff paid $5,173.92, including labor charges.

Plaintiff then commenced this action against defendants, charging them with breach of contract and negligence, and seeking to recover $6,630.42 (comprising the cost of the new transmission together with amounts plaintiff had expended for towing and for renting a substitute vehicle while his truck was out of service). After a nonjury trial, County Court found in plaintiff's favor, and a judgment was entered for $6,325.37, plus interest, costs and disbursements.

On appeal, defendants contend that plaintiff failed to meet his burden of proving the loss he sustained was a result of their faulty repair work, because he proffered 'no evidence establishing the value of his used transmission when he brought it to defendants for service. We disagree. In a breach of contract action, the injured party is entitled to be placed in the position he or she would have enjoyed had the contract been performed according to its terms (see, New York Water Serv. Corp. v City of New York, 4 AD2d 209, 213), one measure of which is the cost of remedying the defective performance (see, Manniello v Dea, 92 AD2d 426, 428). Here, had defendants satisfied their contractual obligations by completing the repairs in a competent manner, plaintiff would have had an operable, rebuilt transmission. Accordingly, plaintiff is entitled to recover the expense of obtaining such a transmission, along with the other costs incurred as a result of the breach, including the towing and rental charges (the propriety of which is not contested).

Plaintiff's repair technician testified, however, that due to defendants' negligence several parts of the old transmission had become entirely unusable and that, because of this, core charges would have increased the price of a rebuilt transmission to more than that of a new one. Therefore, by choosing to purchase a new transmission, rather than the rebuilt one for which he had bargained, plaintiff appropriately mitigated his damages; there was thus no need for further, specific proof of the actual cost of a rebuilt transmission.

And, limiting plaintiff's damage, as defendants would have it, to the value of a used transmission (i.e., one that had been in use for approximately 68,000 miles, as had plaintiff's original transmission at the time defendants began to work on it) would be inappropriate, for plaintiff had contracted, and paid, for a rebuilt transmission. Merely outfitting his truck with a transmission similar to that which it had prior to the initial repair would not have adequately compensated plaintiff for the losses he incurred as a result of defendant's breach.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.