■ INTERNATIONAL SHARED SERVICES, INC., Appellant, v PAUL McCOY, Respondent. [686 NYS2d 828] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 16, 1997, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that, upon searching the record, the defendant's cross motion for summary judgment dismissing the complaint is granted, so much of the order as denied the cross motion is vacated, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant, Paul McCoy, was employed by the plaintiff, International Shared Services, Inc. (hereinafter ISS), as a biomedical technician. Pursuant to a service contract between ISS and St. Charles Hospital (hereinafter St. Charles) in Port Jefferson, the defendant performed his work on behalf of ISS at St. Charles. His employment contract with ISS contained, inter alia, a covenant restricting him from seeking subsequent, similar employment with any of ISS's clients or with other competitive employers for a period of one year after leaving the employ of ISS. The contract also provided that the defendant could release himself from the restriction by paying the equivalent of one year's salary to ISS.

In the eighth year of his employment, the defendant learned that the contract between ISS and St. Charles was due to expire and that there was a possibility that St. Charles would not renew its contract with ISS. The defendant began seeking alternative employment. Shortly thereafter, ISS lost its contract with St. Charles, and the defendant was given notice that his services would be terminated. In the termination letter, ISS stated that the termination of the defendant's services was due solely to the cancellation of its contract with St. Charles and in no way reflected upon his performance. ISS pledged to help the defendant find alternative employment and did, in fact, place the defendant in touch with employee search firms in the biomedical engineering field. Thereafter, the defendant obtained employment with the company to which St. Charles had awarded the service contract previously held by ISS. He performed the same work for his new employer at St. Charles that he had previously performed for ISS.

ISS commenced this action against the defendant to recover damages for breach of the employment contract, and subsequently moved for summary judgment. The defendant cross-

moved for summary judgment on the grounds, *inter alia*, that the restrictive covenant was unnecessary to protect ISS's business, and that, in any event, ISS had waived its right to enforce the contract when it aided the defendant in obtaining competing employment.

The moving party bears the initial burden of proving its entitlement, as a matter of law, to summary judgment by tendering evidentiary proof in admissible form (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). On the record before the court, ISS failed to prove its entitlement to summary judgment as a matter of law, since the evidence failed to prove that the covenant was necessary to protect its interests (*see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307). Furthermore, ISS waived its right to enforce the restrictive covenant by knowingly aiding the defendant in his efforts to obtain competing employment (*see, Horne v Radiological Health Servs.,* 83 Misc 2d 446, 454, *affd* 51 AD2d 544; *Reed, Roberts Assocs. v Strauman, supra,* at 307). Upon searching the record, we conclude that the defendant is entitled to summary judgment dismissing the complaint on his cross motion. In this regard we note that " 'on a motion for summary judgment, this court has the power to search the record and grant relief to a * * * nonappealing party' " (*Tannenbaum v Republic Ins. Co.,* 249 AD2d 460; *see also, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). S. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.