■ JEROLD S. SLATE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 96573.) [699 NYS2d 824] —Mugglin, J. Appeal from that part of an order of the Court of Claims (Collins, J.), entered September 22, 1998, which granted claimant's cross motion for a protective order denying discovery of claimant's income tax records and related office records for the years 1994 through 1997.

Perceiving potential conflicts of interest, the Attorney General's office determined that Kirk Montgomery, a correction officer employed at Shawangunk Correctional Facility in Ulster County, as a defendant in a Federal lawsuit stemming from an alleged inmate beating, was entitled to representation by

outside counsel at State expense. Thereafter, Montgomery retained claimant as his legal counsel. From October 1995 to October 1996 claimant submitted 13 monthly vouchers, totaling $211,045.44, which the Comptroller paid. Vouchers for legal services allegedly rendered from November 1996 to March 1997, totaling $65,140.89 plus expenses of $2,755.89, the Comptroller refused to pay. This action resulted in which the State counterclaimed, seeking to recover a portion of the $211,045.44 as an overpayment.

During the discovery process, the State sought, *inter alia*, to obtain claimant's income tax returns and related documentation for the years 1994 through 1997. When claimant objected, the State moved to compel disclosure and claimant cross-moved for an order of protection. The Court of Claims partially granted the State's motion to compel discovery by directing claimant to divulge the names, addresses and telephone numbers of all individuals employed in his law practice during 1995, 1996 and the first half of 1997, and by further directing claimant to submit to the State his case file and billing records in connection with the Montgomery lawsuit, submitting any documents alleged to be privileged to the court for in camera inspection. That portion of the State's motion seeking to compel disclosure of claimant's income tax returns and related documentation for the years 1994 through 1997 was denied on the ground of relevancy and, therefore, the court granted claimant's cross motion for an order of protection with respect to these matters. The State appeals from that portion of the order which granted claimant's cross motion for an order of protection.

The Attorney General argues that discovery of claimant's tax returns and related office billing records would enable the State to show that claimant performed a significant amount of work for other clients during the years in question, thus rendering it impossible for claimant to have spent the number of hours billed to the State in his representation of Montgomery.

As a general proposition, because of their "confidential and private nature" (*Roth v American Colonial Ins. Co.*, 159 AD2d 370), disclosure of tax returns is limited to situations where the movant can establish that the information contained in the returns is " 'indispensable to this litigation and unavailable from other sources' " (*Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209, quoting *Briton v Knott Hotels Corp.*, 111 AD2d 62, 63). Hence, a party seeking to discover tax returns must affirmatively identify specific relevant information, demonstrate the unavailability of this information from other

sources and limit examination of the return to the relevant material (*see, Nanbar Realty Corp. v Pater Realty Co., supra,* at 209-210). On this record, the State has failed to conclusively demonstrate that the discovery of the requested tax returns is necessary, material and relevant to the issues at hand. The issue is simply whether claimant worked the number of hours he claims. Further, the State's assertion that the tax records might reveal a motive for inflated billing is merely speculation and conjecture.

The demands of the State for discovery of all of claimant's office records for the calendar years 1994 to 1997, including billing records, expense records, and all pleadings and documents associated therewith, are overly broad, burdensome and not material and necessary to the issue involved herein. While there may be merit to the position that time expended on similar cases may be relevant, here, the State demands to search through all of claimant's office records. Such unbridled fishing expeditions are not to be encouraged and the Court of Claims properly exercised its discretion to strike those demands as being overly broad and burdensome and without the necessary specificity (*see, Capoccia v Spiro,* 88 AD2d 1100). Accordingly, the order is affirmed.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.