■ SARATOGA HARNESS RACING, INC., Respondent, v E. GUY ROEMER, Doing Business as ROEMER AND ASSOCIATES, Appellant. [711 NYS2d 603] —Spain, J. Appeals (1) from an order of the Supreme Court (Malone, Jr., J.), entered September 16, 1999 in Albany County, which granted plaintiff's motion to compel discovery, and (2) from an order of said court, entered November 15, 1999 in Albany County, which denied defendant's motion for renewal.

During the course of defendant's representation of plaintiff in a number of legal proceedings, a dispute arose between the parties concerning legal fees. In February 1998, plaintiff discharged defendant and commenced this action, asserting various causes of action based upon allegations that defendant charged excessive fees, performed unnecessary legal services and wrongfully obtained a retainer advance. Plaintiff moved to compel defendant to execute substitutions of counsel in the pending proceedings and to turn over plaintiff's files in those proceedings. Concluding that plaintiff should seek that relief in the pending proceedings and not in this collateral proceeding, Supreme Court denied the motion. Plaintiff thereafter served discovery demands seeking, *inter alia*, plaintiff's files and defendant's financial records. When defendant refused to disclose the files and financial records, plaintiff moved to compel discovery. Supreme Court granted the motion and denied defendant's motion for renewal. Defendant appeals.

Initially, we reject defendant's contention that as a result of Supreme Court's denial of plaintiff's prior motion to compel defendant to turn over the files, collateral estoppel precluded the court from directing discovery of those files. Collateral estoppel is inapplicable in the absence of identity of the issue or issues and, as the party seeking the benefit of collateral estoppel, defendant bears the initial burden of demonstrating identity of issue (*see, Matter of Balcerak v County of Nassau*, 94 NY2d 253, 258). There is nothing in the record to demonstrate that plaintiff's prior motion to compel defendant to turn over files— which was apparently based upon plaintiff's need for those files to protect its interests in the pending proceedings subsequent to defendant's discharge—concerned the issue of whether those files were subject to discovery in this action.

"It is well settled that a trial court has 'broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action' " (*Getman v Petro*, 266 AD2d 688, 690, quoting *Geary v Hunton & Williams*, 245 AD2d 936, 938). In addition, where the party who opposes discovery fails to object within the 20-day period specified in CPLR 3122 (a), appellate review is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper (*see, Greico v Albany Ambulette Serv.*, 232 AD2d 938, 939). Defendant failed to object to plaintiff's demand within the 20-day period and we reject defendant's contention that the parties' agreement to extend the time to respond to discovery demands—which occurred after the expiration of the 20-day period—resurrected defendant's

right to object to plaintiff's demand. Accordingly, in the absence of any claim of privilege, the only issue for our review is whether plaintiff's demand was palpably improper.

"A disclosure request is palpably improper if it seeks information of a confidential and private nature that does not appear to be relevant to the issues in the case" (*Titleserv, Inc. v Zenobio*, 210 AD2d 314, 315-316 [citations omitted]). Given their confidential nature, tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources (*see, Briand Parenteau, Inc. v Dean Witter Reynolds*, 267 AD2d 576; *Slate v State of New York*, 267 AD2d 839). Plaintiff failed to meet this burden and, therefore, Supreme Court erred in compelling discovery of defendant's tax returns.

Defendant's other financial records also contain information of a confidential and private nature. In our view, plaintiff's demand for those records—which seeks all of defendant's balance sheets, income statements, cash flow statements, general ledger statements, expense reports and bank account statements for a period of more than three years—is overly broad and burdensome and constitutes an "unbridled fishing expedition[ ]" (*Slate v State of New York, supra*, at 841). Plaintiff's claim regarding the relevancy of the financial records is tenuous, at best, and there is no claim that the information is indispensable. Accordingly, Supreme Court erred in compelling discovery of defendant's other financial records.

The files sought by plaintiff, however, are clearly relevant and material, and defendant does not claim that the files contain information of a confidential and private nature. The fact that the files may be subject to defendant's retaining lien does not make the information contained therein defendant's confidential and private information. Therefore, we see nothing palpably improper in plaintiff's demand for those files. In any event, defendant's retaining lien cannot justify a refusal to disclose documents needed by plaintiff to prosecute its claims that defendant charged excessive fees and performed unnecessary legal services (*see, Franklin, Weinrib, Rudell & Vassallo v Stellato*, 240 AD2d 301).

There is also no merit to defendant's claim that Supreme Court erred in denying his motion to renew.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order entered September 16, 1999 is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion to compel discovery of defendant's

tax returns and other financial records; motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered November 15, 1999 is affirmed, without costs.