■ Robert D. Mitchell, Individually and as Executor of Beverly T. Mitchell, Deceased, Appellant, v Carol A. Stuart et al., Respondents. [740 NYS2d 250] —Crew III, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 3, 2001 in Albany County, which, inter alia, denied plaintiff's motion to compel discovery of certain documents.

In this wrongful death action, plaintiff moved to compel the production of requested discovery materials and defendants

cross-moved for a protective order. Supreme Court denied plaintiff's motion and granted defendants' cross motion with regard to demand Nos. 20 through 28 and 30. Plaintiff now appeals.

Supreme Court denied plaintiff's motion to compel discovery upon the ground that there was no factual basis to demonstrate the existence or relevance of the data or items sought. We perceive no such predicate for disclosure in CPLR article 31, which mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). The case law, in turn, makes clear that the words "material and necessary" are to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). The test, quite simply, is one of "usefulness and reason" (*id.* at 406). It is equally clear, however, that the trial court is imbued with considerable discretion to control disclosure, and only a clear abuse of that discretion will justify this Court's intervention (*see, e.g., Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888).

With these principles in mind, our review of the record leads us to conclude that all of the demands in question, with the exception of revised demand Nos. 21 and 22, are either irrelevant or overbroad and burdensome and, therefore, a protective order was properly issued with regard thereto. However, given the theory of plaintiff's case against the corporate defendants, we believe the information sought in revised demand Nos. 21 and 22 regarding, inter alia, defendant Carol A. Stuart's driving and safety record, accident history, defensive driving training, if any, and/or complaints made regarding her driving or job performance, may be fairly characterized as useful and reasonable. We also are of the view that these revised demands are not overburdensome and, therefore, Supreme Court's denial of plaintiff's motion to compel as to revised demand Nos. 21 and 22 constituted an abuse of discretion. Accordingly, Supreme Court's order is modified to permit discovery of the information sought in such demands.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to compel discovery of the items and information sought in revised demand Nos. 21 and 22 and granted defendants' cross motion for a protective order with regard thereto; motion granted as to

revised demand Nos. 21 and 22 and cross motion denied to that extent; and, as so modified, affirmed.