■ Sheridan Bartz et al., Respondents, v Drake Hewitt, Doing Business as Hewitt Property Management, Appellant. [745 NYS2d 146] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered January 2, 2001 in Washington County, upon a decision of the court in favor of plaintiffs, and (2) from the judgment entered thereon.

Pursuant to a contract executed by the parties in August 1997, defendant agreed to construct a home for $134,500, a price which included the land. Although the contract required a down payment of $33,500, plaintiff Sheridan Bartz (hereinafter plaintiff) gave defendant a check for $50,000 based upon the parties' understanding that there would be changes to the contract's specifications, including an increase in the width of the house. In addition, plaintiffs obtained a construction loan in the amount of $100,000, to be released to them in five scheduled payments. By the end of November 1997, defendant had received the proceeds of three of the scheduled payments as he progressed through various stages of construction. When the bank released the fourth scheduled payment together with a portion of the fifth payment, plaintiff refused to sign the check over to defendant based upon his concern that defendant had not completed all of the required work. Although plaintiff relented and delivered all of the fourth scheduled payment to defendant the next day, defendant filed a mechanic's lien against the property in the amount of $35,800 and ceased work on the home.

Plaintiffs commenced this action for breach of contract and defendant counterclaimed for unpaid labor and materials. After a nonjury trial, Supreme Court found that defendant had breached the contract and awarded plaintiffs damages in the amount of $47,604.95. Defendant appeals.

Defendant's claim of impropriety and bias on the part of the Trial Judge has no merit, based as it is on facts outside the record. In addition, our own review of the record discloses nothing to suggest that Supreme Court's decision was affected by undue influence or bias. Turning to the merits of this dispute, we find no basis for defendant's claim that plaintiff frustrated his ability to construct the home within the time required by the contract.* According to defendant, plaintiff unreasonably demanded changes which were so numerous and extensive that they not only resulted in substantial delays, but also reflected plaintiffs' abandonment of the contract as written. Defendant further contends that plaintiff refused to pay for the changes and wrongfully withheld funds.

To the contrary, the contract itself expressly provided for changes and plaintiffs' expert, a contractor with over 30 years of experience, testified that neither the number nor the nature of the changes sought by plaintiff was unusual. In contrast to defendant's testimony regarding the effect of the changes, the record contains a list of agreed to change orders he himself prepared in late November 1997 describing the changes to date, noting that changes during construction were permitted and listing the delays to date, only a few days of which could be attributed to the changes. Defendant's claim that plaintiff refused to pay for these changes is contradicted by plaintiff's trial testimony acknowledging his obligation to pay for the cost of changes as completed and by his payment of a sum in excess of the contract down payment to be applied toward anticipated changes. Supreme Court's finding that it was defendant who breached the contract by failing to complete the project is based largely on a determination of the credibility of the witnesses' testimony and our review of the record discloses no basis to disturb the finding (see, Silverman v Mergentime Corp./J.F. White, Inc., 252 AD2d 925).

Although defendant does not object to the overall methodol-

* The contract contained a provision which required completion of the home within 60 to 90 days and established liquidated damages in the amount of $500 per day for every day beyond 100 days that the home remained incomplete. Supreme Court found the liquidated damages provision to be a penalty and refused to enforce it, a ruling which is not an issue on this appeal.

ogy used by Supreme Court to calculate damages or the court's findings with regard to the figures used in the calculation, defendant does challenge certain aspects of the court's award of damages. According to defendant, the full amount of the difference between the total contract price with changes and the amount that he was paid by plaintiffs should have been subtracted from the amount determined by Supreme Court to be plaintiffs' cost to complete the home after defendant stopped work. As a matter of general principle, we would agree with defendant if plaintiffs had been able to complete the house in accordance with the contract. That is not what happened.

The contract included allowances for kitchen cabinets with countertops, a fireplace and appliances, and the changes contained an increase in the kitchen and fireplace allowances. The evidence established that plaintiffs had selected an upgraded kitchen costing in excess of $14,000 which had to be specially ordered and that defendant cancelled the order. Plaintiff testified that while completing the home, he was running out of money and, therefore, purchased what he described as throw-away cabinets and the cheapest countertop he could find, for a total cost of just over $2,000. In addition, no fireplace was ever installed and the expenses to complete the home submitted by plaintiffs did not include the cost of appliances. In determining the amount that defendant should be credited for the balance due on the contract, Supreme Court reduced the total contract price by the amount of the fireplace and appliance allowances and the amount that the kitchen allowance exceeded the cost of the kitchen actually installed by plaintiffs.

We see no error in Supreme Court's adjustment. The difference between the total contract price with changes and the amount actually paid to defendant represents the amount it would have cost plaintiffs if defendant had fulfilled his contractual obligations, a cost which would have produced a home with a $14,000 kitchen and a fireplace. However, plaintiffs' actual cost to complete the home included a far less expensive kitchen and no fireplace. Accordingly, defendant should not receive credit for the fireplace allowance or the full amount of the kitchen allowance. Similarly, inasmuch as plaintiffs' actual cost to complete the home did not include an expense for appliances, defendant should not receive credit for the appliance allowance. Since the damage award was based on the reduced cost to complete the home without a fireplace, with a less expensive kitchen and with no charge for appliances, defendant should not be credited with the contractual allowances for those items.

We next reject defendant's claim that Supreme Court erred in including in plaintiffs' damages the cost of replacing the roof. Plaintiffs presented expert proof that the roof was improperly installed and that replacement, not repair, was the proper remedy. The court's finding with regard to the cost of replacing the roof is supported by the record. We do agree with defendant, however, that the court erred in including rental expenses and increased interest expenses incurred by plaintiffs because the house was not completed within the 100-day period referred to in the contract. By the end of that period, a dispute had arisen with regard to defendant's entitlement to moneys released by the bank. Plaintiffs voiced no objection based upon the expiration of the contract's time period and, in fact, requested that defendant return and complete the job. In addition, the upgraded kitchen selected by plaintiff and specially ordered at his request was not due to be delivered until more than a month after the expiration of the 100-day period. We also note that plaintiffs' rental costs cover a period of more than a year, while the increased interest expense covers a period of 11 months. In contrast, plaintiffs' expert testified that the entire house could have been built in 90 calendar days and that defendant had left 30% to 40% of the construction incomplete. Accordingly, it should have taken about four to five weeks to complete the home. In these circumstances, we conclude that plaintiffs failed to establish their entitlement to the $5,011 in rental expenses and added interest expenses of $2,070.68 awarded by Supreme Court. However, the award of damages is otherwise supported by the record.

Cardona, P.J., Peters and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reducing the damages awarded to plaintiffs by $7,081.68, and, as so modified, affirmed.