■ CHRISTOPHER J. McMAHON, Respondent, v AVIETTE AGENCY, INC., et al., Appellants. [753 NYS2d 605] —Rose, J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered November 13, 2001 in Columbia County, which partially granted plaintiff's motion to compel disclosure.

Following discharge from his employment as an insurance salesperson with defendant Aviette Agency, Inc., plaintiff commenced this action alleging, inter alia, unjust enrichment resulting from unpaid commissions. When plaintiff served interrogatories and document demands, defendants objected to some of them without providing any responses. Supreme Court

eventually issued a scheduling order directing defendants to respond, but plaintiff found many of those responses to be inadequate and moved to compel disclosure. Supreme Court granted the motion in part, prompting this appeal by defendants.

Initially, we note that the trial court has broad discretion in the control of the disclosure process, and the exercise of that discretion is guided by the test of "usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see Mitchell v Stuart*, 293 AD2d 905, 906). Only a clear abuse of that discretion will justify our intervention (*see Mitchell v Stuart, supra* at 906; *Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888). The scope of review of the propriety of disclosure demands is further limited where a party fails to timely object to the demands within the 20-day periods prescribed by CPLR article 31 (*see* CPLR 3122 [a]; 3133 [a]; *Alford v Progressive Equity Funding Corp.*, 144 AD2d 756, 757). In such circumstances, "appellate review is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper" (*Saratoga Harness Racing v Roemer, supra* at 888).

Of the demands remaining before us, defendants timely objected only to interrogatory number 8, and document demands 7 and 14. As to interrogatory number 8, which asked for a statement of the annual compensation paid to defendants' other salesperson, the requested information is reasonably related to plaintiff's claims for commissions, as well as defendants' allegations that the other salesperson was required to service plaintiff's accounts because plaintiff inadequately performed the duties of his job. Thus, it was properly considered to be "material and necessary" to the prosecution of this action (CPLR 3101 [a]; *see Bentley v Fritziner*, 95 AD2d 745). Also, given defendants' concession that their only other salesperson authorized the release of this information, there is no merit in their claim that the information is privileged. For similar reasons, we are not persuaded that Supreme Court erred in requiring defendants to respond to plaintiff's document demands numbered 7 and 14. These demands seek materials concerning the servicing of each of plaintiff's accounts before his termination, and Supreme Court appropriately limited their time frame.

None of the remaining interrogatories and demands are palpably improper except document demand number 11, which sought disclosure of defendants' tax returns. Plaintiff here failed to make the required "strong showing" that defendants'

income tax returns contain information unavailable from other sources (*Briand Parenteau, Inc. v Dean Witter Reynolds*, 267 AD2d 576, 577; *Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-210; *Gordon v Grossman*, 183 AD2d 669, 670).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed defendants to produce documents in response to plaintiff's demand number 11, and, as so modified, affirmed.