■ JORGE MORA, Appellant-Respondent, v RGB, INC., Respondent-Appellant, and CHARLES ROSE, Respondent. [794 NYS2d 134]—

Kane, J. Cross appeals from an order of the Supreme Court (Spargo, J.), entered January 15, 2004 in Ulster County, which, inter alia, denied plaintiff's motion to compel certain disclosure from defendant RGB, Inc.

Plaintiff entered into a contract with defendant RGB, Inc. to construct a new home for him. The contract had a fixed price of $1.54 million. A work change clause in the contract provided that any changes had to be authorized by a written change order signed by both parties, the change order had to specify the cost of the proposed work change, full payment for additional work was due at the time the change order was signed and RGB was not required to begin work on any changes until it received the signed change order and payment. Plaintiff contends that there was an oral agreement that the price of change orders would be calculated as RGB's actual costs of materials and labor plus 22%. The parties thereafter entered into three change orders. Plaintiff became suspicious regarding RGB's calculation of the change order prices and demanded that RGB provide documentation for all costs associated with the construction project. After RGB refused to provide the demanded documentation, the contract was terminated, either through RGB's abandonment of the site or by plaintiff ordering RGB to cease working.

Plaintiff commenced this action alleging, among other things, that RGB breached the contract and that defendant Charles Rose, RGB's president, fraudulently induced plaintiff into signing inflated change orders. Defendants answered and counterclaimed, raising many defenses, including violation of the stat-

ute of frauds. During discovery, plaintiff demanded disclosure of all documents relating to the construction of his house. Defendants supplied numerous documents, but refused to supply others. Plaintiff moved to compel disclosure. Defendants cross-moved for various relief, including dismissal of the complaint. Supreme Court partially granted plaintiff's motion by ordering disclosure of documents related to the change orders, but with the names of subcontractors redacted. The court also granted defendants' motion to dismiss the complaint against Rose, but denied the remaining motions without prejudice for renewal after disclosure is complete. Plaintiff appeals the parts of the order denying full disclosure and dismissing the complaint against Rose. RGB cross-appeals from the part of the order denying its motion to dismiss the portions of plaintiff's complaint based on an alleged oral agreement modifying the contract.

Initially, as RGB consent to disclosure of the names and identifying information regarding its subcontractors, the portion of Supreme Court's order permitting redaction of that information is deleted.

Plaintiff is not entitled to disclosure of all documents related to the construction of his house. While disclosure provisions are to be liberally construed, the trial court is vested with broad discretion to supervise discovery and determine what is "material and necessary" under CPLR 3101 (a) (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 192 AD2d 1032, 1033 [1993]). This Court will only intervene upon a clear abuse of that discretion (*see McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *Mitchell v Stuart*, 293 AD2d 905, 906 [2002]). Plaintiff claims that all of RGB's documents relating to the construction of his house are relevant, material and necessary to prove damages on his claims of incompetent, unworkmanlike or incomplete construction by RGB, and to show the difference between work included on change orders versus the original plans. However, damages for incomplete or improperly completed work can be proven through documents or testimony establishing the amount that plaintiff spent or will need to spend to complete or repair those areas of the house (*see Bartz v Hewitt*, 296 AD2d 723, 725-726 [2002]; *Bippley v Hollenback*, 228 AD2d 983, 983 [1996]). As such, plaintiff's damages regarding a violation of the alleged oral agreement that the change orders should be priced at RGB's actual cost of materials and labor plus 22%, should he prevail on that claim, can be determined based on the information that Supreme Court already ordered RGB to disclose. Thus, the court did not abuse its discretion in limiting the scope of disclosure.

Supreme Court should not have dismissed the complaint against Rose. Corporate officers and directors may only be held individually liable for fraud if they personally participated in or had actual knowledge of the fraud (*see Polonetsky v Better Homes Depot*, 97 NY2d 46, 55 [2001]; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44 [1980]). The elements of fraud include a misrepresentation, known by the defendant to be false and made for the purpose of inducing the plaintiff to rely upon it, justifiable reliance and damages (*see Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]). In order to establish a fraud claim in addition to a breach of contract claim, plaintiff must show misrepresentations that are misstatements of material fact or promises with a present, but undisclosed, intent not to perform, not merely promissory statements regarding future acts (*see McGovern v Best Bldg. & Remodeling*, 245 AD2d 925, 927 [1997]; *Shlang v Bear's Estates Dev. of Smallwood, N.Y.*, 194 AD2d 914, 915 [1993]).

If plaintiff can establish the existence of an oral agreement that change orders would be priced as actual cost plus 22%, he has alleged that Rose personally furnished change orders including amounts that he knew were above RGB's actual costs. These allegations, if true, could constitute misstatements of material facts presently in existence, known by Rose to be false and made for the purpose of inducing plaintiff to sign the change orders. The remaining elements cannot be shown without the information that RGB originally refused to turn over but was later deemed proper for disclosure by Supreme Court. Hence, the court should have denied Rose's motion to dismiss the complaint against him, without prejudice for renewal after further disclosure (*see Shlang v Bear's Estates Dev. of Smallwood, N.Y.*, *supra* at 915-916).

Questions of fact exist regarding whether the statute of frauds prevents plaintiff's reliance on an alleged oral modification to the contract, or whether subsequent writings between the parties constitute written clarification or a modification of the term "cost" in the original contract. A written agreement containing a provision prohibiting oral modifications of the agreement cannot be modified to change or add to its terms except in a writing "signed by the party against whom enforcement of the change is sought" (General Obligations Law § 15-301 [1]). Here, the written and signed change orders themselves indicate that the price will be cost plus 22%. While RGB argues that the change orders are referable to the entire contract, which was priced based on a stipulated sum, the change orders do not define the term "cost" as either estimated cost or actual cost. Several

writings from RGB's agents to plaintiff specifically refer to the pricing arrangement as actual cost plus a percentage. Under the circumstances, there are questions of fact regarding whether (1) the contract term "cost" refers to actual cost and the correspondence from defendants acknowledges errors in pricing, or (2) the contract was based on a stipulated sum but was modified by defendants' correspondence and, if so, the exact terms of that modification. Thus, Supreme Court appropriately denied RGB's motion to dismiss the portions of plaintiff's complaint based on an alleged modification.

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, without costs, by (1) deleting so much thereof as permitted redaction of information related to defendant RGB, Inc.'s subcontractors and (2) reversing so much thereof as granted defendants' cross motion to dismiss the complaint against defendant Charles Rose; said motion denied, without prejudice; and, as so modified, affirmed.