■ EMPIRE FINANCIAL SERVICES, INC., et al., Appellants, v DORIS BELLANTONI et al., Respondents, et al., Defendants. [861 NYS2d 898]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 20, 2007 in an action for, inter alia, breach of contract. The order, insofar as appealed from, granted the motion of defendants Doris Bellantoni, Teresa Chiola, Patricia L. Gotro, Mary Jane Hosmer, Donna Menza, Victor A. Tomasulo, Thomas A. Vitrano, Katherine R. McLernon, Joseph DiLeo and Massachusetts Mutual Life Insurance Company for summary judgment and granted in part the motion of defendant MONY, also known as The MONY Group, also known as The MONY Group, Inc., for summary judgment and denied the cross motion of plaintiffs for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, breach of contract, tortious interference with contract, and unjust enrichment after the individual defendants-respondents, with the exception of defendant Joseph DiLeo, left the employ of plaintiff Empire Financial Services, Inc. (Empire) for defendant MONY. According to plaintiffs, the individual defendants continued to maintain client relationships fostered

by Empire in violation of restrictive nonsolicitation covenants (restrictive covenants) contained in their employment contracts with Empire. The move by the individual defendants to the employment of MONY was part of a contemplated acquisition of Empire's assets by MONY and was made pursuant to a "letter of intent" entered into by officers of MONY and Empire. The contemplated sale never occurred, however, and Empire instead sold its assets to plaintiff Broker Alliance Group, Inc.

The individual defendants, with the exception of defendants Robert A. Rasp and Barbara Roucco (collectively, individual defendants), and DiLeo and defendant Massachusetts Mutual Life Insurance Company (Massachusetts Mutual) moved for, inter alia, summary judgment dismissing the breach of contract cause of action against the individual defendants and the tortious interference causes of action against DiLeo and Massachusetts Mutual, and we conclude that Supreme Court properly granted those parts of their motion. We further conclude that the court properly granted that part of the motion of MONY seeking summary judgment dismissing the tortious interference cause of action against it. The moving defendants established their entitlement to judgment as a matter of law, and plaintiffs failed to raise a triable issue of fact in opposition to the motions (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Those breach of contract and tortious interference causes of action were dependent on the applicability of the restrictive covenants contained in the employment agreements between the individual defendants and Empire. We conclude that, by submitting the deposition testimony of the former president of Empire, Roger Arnold, the moving defendants established that plaintiffs waived their right to enforce the restrictive covenants by knowingly aiding and, indeed, encouraging the individual defendants to obtain competing employment with MONY (*see International Shared Servs. v McCoy*, 259 AD2d 668, 669 [1999]; *see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104-106 [2006]). Specifically, Arnold arranged for the individual defendants to attend a mandatory meeting with DiLeo concerning potential employment with MONY, and he then attended the meeting, where he observed that DiLeo brought MONY employment paperwork for the individual defendants. Moreover, although the transaction between Empire and MONY had not yet closed, Arnold allowed the individual defendants to access client files, voicemail, and other correspondence after the individual defendants began to work for MONY. Finally, contrary to plaintiffs' contention, there is nothing in the record to support plaintiffs' contention that the waiver by plaintiffs of their right to enforce the restrictive covenants was temporary.

Contrary to plaintiffs' further contention, the court properly granted that part of the motion of MONY for summary judgment limiting the amount of damages that could be recovered by plaintiffs in the unjust enrichment cause of action against it. In determining the extent of recovery in an unjust enrichment cause of action, courts will generally consider factors surrounding the benefit received by the defendant, such as whether the defendant still retains that benefit, whether the defendant's conduct was tortious, or whether there was a change in position by the defendant (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], *mot to amend remittitur granted* 31 NY2d 678 [1972], *rearg denied* 31 NY2d 709 [1972], *mot to amend remittitur granted* 31 NY2d 710 [1972], *cert denied* 414 US 829 [1973]). Here, principles of equity dictate that plaintiffs' potential recovery be limited to the value of Empire's client accounts at the time that they were acquired by MONY (*see generally Mayer v Bishop*, 158 AD2d 878, 881 [1990], *lv denied* 76 NY2d 704 [1990]). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.