■ DONNELL JEFFERSON, Appellant, v STATE OF NEW YORK, Respondent. [875 NYS2d 335]—

Mercure, J.P. Appeal from an order of the Court of Claims (Lopez-Summa, J.), entered August 16, 2007, which, among other things, partially granted defendant's motion to strike claimant's interrogatories.

Claimant alleges that while he was incarcerated at Altona Correctional Facility in Clinton County, he was the victim of identity theft after defendant negligently granted another inmate access to claimant's sensitive personal information. Following joinder of issue, claimant served interrogatories upon defendant, which moved to strike on various grounds. The Court of Claims partially granted defendant's motion, prompting this appeal.

We affirm. When a party fails to timely object to interrogatories, "appellate review is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper" (*Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]; *see Coville v Ryder Truck Rental, Inc.*, 30 AD3d 744, 745 [2006]; *McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *see also Alford v Progressive Equity Funding Corp.*, 144 AD2d 756, 757 [1988]). Inasmuch as there is no claim of privilege asserted herein, the question before us is whether claimant's interrogatories are palpably improper, i.e., "irrelevant, overbroad and burdensome" (*Alford v Progressive Equity Funding Corp.*, 144 AD2d at 757; *see Saratoga Harness Racing v Roemer*, 274 AD2d at 889).

Review of the interrogatories struck by the Court of Claims demonstrates that they are either vague and indefinite, or irrelevant to the extent that they seek information related to events that occurred at other correctional facilities and subsequent to the alleged identity theft (*see Saratoga Harness Racing v Roemer*, 274 AD2d at 889; *Slate v State of New York*, 267 AD2d 839, 841 [1999]; *Alford v Progressive Equity Funding Corp.*, 144 AD2d at 757; *cf. Coville v Ryder Truck Rental, Inc.*, 30 AD3d at 745). Moreover, we agree with the court that, within the scope

of the claim, defendant adequately responded to interrogatories 6, 8, 12, 17, 21, 26, 27 and 30. In our view, claimant has failed to demonstrate any clear abuse of discretion by the Court of Claims and, accordingly, we affirm.

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.