■ LAWRENCE A. DAVIS, Also Known as LARRY DAVIS, Individually and as Shareholder of COMBINED SOLUTIONS, INC., and as a Member of CORNERSTONE TELEPHONE COMPANY, LLC, Appellant, v CORNERSTONE TELEPHONE COMPANY, LLC, et al., Respondents. [910 NYS2d 254]—

Rose, J. Appeal from an order of the Supreme Court (Platkin, J.), entered September 23, 2009 in Albany County, which, among other things, denied plaintiff's cross motion to compel certain discovery from defendants.

The facts of the parties' dispute are set forth in our prior decision, in which we affirmed Supreme Court's dismissal of all of plaintiff's causes of action with the exception of the portion of plaintiff's claim for unjust enrichment due to non-monetary services he allegedly provided to defendants after August 28, 2001 (*Davis v CornerStone Tel. Co., LLC*, 61 AD3d 1315 [2009]). When plaintiff then made sweeping discovery demands, Supreme Court granted defendants' motion for a protective order to the extent that it limited the demands to items pertaining to the services provided between August 28, 2001 and December 31, 2001. We affirm.

"[T]he trial court is vested with broad discretion to supervise discovery and determine what is 'material and necessary' under CPLR 3101 (a)" (*Mora v RGB, Inc.*, 17 AD3d 849, 851 [2005]; *see Detraglia v Grant*, 68 AD3d 1307, 1308 [2009]; *Czarnecki v Welch*, 23 AD3d 914, 915 [2005]). While the words "material and necessary" are to be liberally construed " 'to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Mitchell v Stuart*, 293 AD2d 905, 906 [2002], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]), "[t]he party seeking disclosure must demonstrate how the requested materials are relevant to the issues in the matter" (*Matter of People v Pharmacia Corp.*, 39 AD3d 1117, 1118 [2007]; *see Aaron v Pattison, Sampson, Ginsberg & Griffin, P.C.*, 69 AD3d 1084, 1085 [2010]; *Vyas v Campbell*, 4 AD3d 417, 418 [2004]).

Inasmuch as plaintiff is barred by the statute of limitations from seeking recovery for any services provided prior to August 28, 2001, and he concedes that he had no dealings with defendants beyond 2001, Supreme Court properly limited plaintiff's demands to this time period on the ground that his recovery for unjust enrichment is limited to "the reasonable value of the services rendered by the plaintiff" (*Collins Tuttle & Co. v Leucadia, Inc.*, 153 AD2d 526, 527 [1989]; *see Snyder v Bronfman*, 13 NY3d 504, 508 [2009]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Giordano v Thomson*, 564 F3d 163, 170 [2009]). While there are circum-

stances in which equity may warrant a different measure of damages (*see e.g. Empire Fin. Servs., Inc. v Bellantoni*, 53 AD3d 1095, 1097 [2008]; *Mayer v Bishop*, 158 AD2d 878, 881 [1990], *lv denied* 76 NY2d 704 [1990]), plaintiff has failed to demonstrate how his remaining claims for consulting services and the provision of office space, equipment and access to hardware during the relevant time period would justify restitution beyond their reasonable value so as to require discovery of the ongoing nature and profits of defendants' business (*see Carlino v Kaplan*, 139 F Supp 2d 563, 564-565 [2001]).

Peters, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs. ■