DG&A MANAGEMENT SERVICES, LLC, Appellant, v SECURITIES INDUSTRY ASSOCIATION COMPLIANCE AND LEGAL DIVISION, Respondent, et al., Defendant. [910 NYS2d 242]—

Malone Jr., J. Appeal from that part of an amended order of the Supreme Court (McNamara, J.), entered April 13, 2010 in Albany County, which granted a motion by defendant Securities Industry Association Compliance and Legal Division to compel certain discovery from plaintiff.

Beginning in 1989, and during a number of years thereafter, plaintiff entered into a series of contracts with defendant Securities Industry Association Compliance and Legal Division (hereinafter defendant) pursuant to the terms of which plaintiff agreed to provide management and associated services to administer defendant's various programs and seminars. Following the expiration of the final contract on December 31, 2004, and while negotiations of a new contract were ongoing, plaintiff continued to provide services to and receive compensation from defendant. In October 2005, plaintiff and defendant entered into a single-purpose agreement covering defendant's March 2006 annual seminar. Shortly thereafter, however, defendant notified plaintiff that it no longer would need plaintiff's services; it had retained defendant Intermedia Production Group, Ltd. to, among other things, coordinate the 2006 seminar.

Plaintiff thereafter commenced this action against defendant, among others, alleging numerous causes of action sounding in contract and quasi contract and seeking to recover for services actually rendered (or which were to be rendered) between January 1, 2005 and December 31, 2006. Supreme Court dismissed certain of the causes of action and, upon appeal, we affirmed (*DG & A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div.*, 52 AD3d 922 [2008]), leaving plaintiff with, insofar as is relevant here, two remaining claims against defendant—one for quantum meruit and the other for unjust enrichment.

Discovery ensued and defendant ultimately served plaintiff with a second demand for documents seeking disclosure of various financial documents and information—specifically, financial statements, balance sheets, audit reports and tax returns of plaintiff and its managing partners encompassing calendar years 2004 through 2007. When plaintiff failed to comply with the demand, defendant moved to compel disclosure pursuant to

CPLR 3124. Plaintiff opposed the application and cross-moved to compel production of certain documents that it had previously demanded. Supreme Court, agreeing that financial documents demonstrating the actual costs incurred by plaintiff in providing services to defendant were relevant in ascertaining the reasonable value of the services plaintiff rendered, granted defendant's motion to compel and ordered plaintiff to disclose the financial information requested with the exception of the tax returns of two of plaintiff's managing partners.[1] Plaintiff now appeals from so much of Supreme Court's amended order as granted defendant's motion.[2]

We affirm. It is well settled that a trial court is vested with broad discretion in overseeing the discovery and disclosure process, and "[o]nly a clear abuse of that discretion will justify our intervention" (*McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *see Lue v Finkelstein & Partners, LLP*, 67 AD3d 1187, 1188 [2009]; *Matter of Scaccia*, 66 AD3d 1247, 1249 [2009]). Where, as a here, a party fails to timely object to the discovery demand (*see* CPLR 3122 [a]), our review "is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper" (*Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]; *see Jefferson v State of New York*, 60 AD3d 1215, 1215 [2009]; *Coville v Ryder Truck Rental, Inc.*, 30 AD3d 744, 745 [2006]; *McMahon v Aviette Agency*, 301 AD2d at 821), i.e., "irrelevant, overbroad and burdensome" (*Jefferson v State of New York*, 60 AD3d at 1215 [internal quotation marks and citations omitted]).

Here, no assertion of privilege has been made and, based upon our review of the record as a whole, we cannot say that defendant's demand was palpably improper. As noted previously, the remaining causes of action at issue sound in quantum meruit and unjust enrichment and, in both instances, the proper measure of plaintiff's damages is the reasonable value of the services performed for defendant (*see Snyder v Bronfman*, 13 NY3d 504, 508 [2009]; *Frank v Feiss*, 266 AD2d 825, 826 [1999]; *Collins Tuttle & Co. v Leucadia, Inc.*, 153 AD2d 526, 527 [1989]). According to plaintiff, computation of that sum is most appropriately made by reference to the American Society of Association Executives Operating Ratio Report (12th ed), which utilizes financial ratios to permit an organization such as plaintiff to assess its performance vis-á-vis other organizations

---

**1.** Although Supreme Court also partially granted plaintiff's cross motion, defendant has not appealed from Supreme Court's amended order.

**2.** This Court granted plaintiff's subsequent motion for a stay pending appeal.

of similar size, scope and type by analyzing a lengthy list of revenue and expense components, including, among other things, costs incurred for salaries, benefits, taxes, occupancy, telephone, office equipment and supplies, postage and travel. Utilizing these industry ratios, plaintiff estimated the reasonable value of the services provided during the relevant time period to be in excess of $1.6 million.[3]

As Supreme Court aptly observed, however, the fact that plaintiff has elected to employ this particular methodology "does not foreclose other avenues of proof." Moreover, even though plaintiff admittedly is not seeking to recover the actual cost of providing services to defendant, we agree that it has placed its actual costs in issue by utilizing the ratio methodology. Further, inasmuch as plaintiff has averred that it "did not maintain income and expense statements, a general ledger, balance sheet, audit reports, statements of cash flow, or similar financial statements," we cannot say that Supreme Court abused its discretion in granting defendant access to, among other things, plaintiff's bank and credit card records.

We reach a similar conclusion with regard to Supreme Court's directive that plaintiff disclose its tax returns. To be sure, "tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources" (*Saratoga Harness Racing v Roemer*, 274 AD2d at 889; *see Pugliese v Mondello*, 57 AD3d 637, 640 [2008]; *Latture v Smith*, 304 AD2d 534, 536 [2003]). In light of plaintiff's failure to maintain any relevant financial statements, we are satisfied that defendant made the requisite showing here and, hence, Supreme Court did not abuse its discretion in ordering disclosure of the sought-after tax returns. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Rose and Stein, JJ., concur. Ordered that the amended order is affirmed, with costs.

---

**3.** By comparison, the record indicated that defendant paid plaintiff $548,260 for the two-year period ending December 31, 2004 and approximately $480,000 for management services provided to defendant during calendar year 2005.