MARKEL INSURANCE COMPANY, as Subrogee of Chai Lifeline, Inc., et al., Appellant, v BOTTINI FUEL et al., Defendants, and BERMIL INDUSTRIES CORPORATION, WASCOMAT OF AMERICA, Respondent. [932 NYS2d 570]—

McCarthy, J.

Plaintiff commenced this action to recover damages that resulted from a fire in the laundry room of a camp in 2001. Although the cause of the fire is unknown, plaintiff alleged that a clothes dryer purchased from defendant Bermil Industries Corporation, Wascomat of America (hereinafter Wascomat) malfunctioned. During this action, plaintiff has served numerous disclosure demands on Wascomat. Dissatisfied with Wascomat's responses and objections, plaintiff moved to compel complete responses. Supreme Court found some of plaintiff's demands material and reasonable, but found other requests beyond the scope of the action. The court denied the motion entirely, but permitted plaintiff to file a proper demand consistent with the court's determination. Plaintiff appeals.

"While disclosure provisions are to be liberally construed, the trial court is vested with broad discretion to supervise discovery and determine what is 'material and necessary,' " with this Court intervening only where there has been "a clear abuse of that discretion" (*Mora v RGB, Inc.*, 17 AD3d 849, 851 [2005], quoting CPLR 3101 [a]; *see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div.*, 78 AD3d 1316, 1318 [2010]; *Davis v Cornerstone Tel. Co., LLC*, 78 AD3d 1263, 1264 [2010]). Finding no abuse of discretion here, we affirm.

In relation to a repair kit issued in 2005 for the same model dryer, Supreme Court required disclosure of information pertaining to dryers overheating due to the thermostat design.

On the other hand, the court reasonably found irrelevant any information and documents related to chafing along the gas pipe that on one dryer created a groove after substantial use. The dryers at the camp here had been installed only a short time prior to the fire. As they could not have sustained this type of repetitive wear, disclosure on that issue was irrelevant and unnecessary.

While plaintiff contends that Supreme Court improperly referred to its first set of disclosure demands, the motion to compel did not clearly delineate which set of demand responses plaintiff deemed insufficient. The court properly ruled that requests for certain documents or information from up to five years after the accident were overbroad. Requests for information pertaining to all accidents related to this model of dryer could be burdensome and were overbroad. Yet the court held that plaintiff was entitled to Wascomat's customer lists from the relevant time periods, which could lead to proof of other accidents or defects. The court also permitted plaintiff to file proper demands, presumably providing plaintiff an opportunity to file another motion if it is again unsatisfied with Wascomat's responses. Considering the balanced nature of the court's ruling, we find no abuse of discretion (see *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.