██ DAVID MURPHY, Appellant, v MARK HAMILTON et al., Respondents, et al., Defendant. [934 NYS2d 595]—

Malone Jr., J.

In July 2009, plaintiff commenced this action for assault and battery and civil conspiracy, alleging that defendants Mark Hamilton and David LaClair had physically assaulted him on July 15, 2008 at the behest of defendant Robert Hamilton—Mark Hamilton's father and LaClair's father-in-law—due to a property dispute.* Plaintiff served defendants in October 2009 and the following month defendants, answering together, asserted affirmative defenses, including the statute of limitations, and counterclaimed, alleging that plaintiff's action was frivolous and without merit.

In December 2009, plaintiff served discovery demands and a demand for a bill of particulars regarding the counterclaim, to which demands defendants did not respond. In May 2010, and then again in June 2010, plaintiff unsuccessfully sought defendants' response to the demands. Thereafter, plaintiff moved to compel a bill of particulars and discovery. Defendants then drafted a conditional order, agreed to by plaintiff and approved by Supreme Court, which provided that, if defendants did not serve plaintiff with the requested responses within 30 days of the entry of the order, defendants would be precluded from offering such evidence at trial.

Defendants thereafter responded to plaintiff's demands, but refused certain requests on the basis that no such documents existed and refused others on the basis that the documents sought were not within the scope of CPLR 3101. Thereafter, plaintiff moved for sanctions against LaClair and Mark Hamilton (hereinafter collectively referred to as defendants), al-

---

* Plaintiff and Robert Hamilton own properties on the same street in the Town of Ausable, Clinton County and those parties, along with others, were involved in a dispute regarding, among other things, the use of a right-of-way (*see Hamilton v Murphy*, 79 AD3d 1210 [2010], *lv dismissed* 16 NY3d 794 [2011]).

leging that defendants had waived objections to the discovery demands, except for privilege or attorney work product, by failing to timely respond to them within 20 days of the original demand. Finding plaintiff's discovery requests to be palpably improper, Supreme Court denied the motion and plaintiff appeals.

"While disclosure provisions are to be liberally construed, the trial court is vested with broad discretion to supervise discovery and determine what is 'material and necessary,'" and this Court will intervene only where there has been "a clear abuse of that discretion" (*Mora v RGB, Inc.*, 17 AD3d 849, 851 [2005], quoting CPLR 3101 [a]; *accord Markel Ins. Co. v Bottini Fuel*, 89 AD3d 1212 [2011]). Further, where a party does not timely object to discovery demands (*see* CPLR 3122 [a]), "appellate review is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper" (*Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]).

With respect to plaintiff's demand for defendants' medical records, those documents are protected by a doctor-patient privilege and cannot be disclosed absent either defendants' consent or a waiver of the privilege (*see* CPLR 4504; *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]). Inasmuch as defendants have neither expressly waived the privilege nor implicitly done so by placing their physical condition at issue (*see Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d at 456-457), their medical records are not discoverable by plaintiff.

With respect to the remaining documents requested by plaintiff, including defendants' bank and credit card records, we find that they are " 'of a confidential and private nature' " and, upon our review of the record, do " 'not appear to be relevant to the issues in the case' " (*Saratoga Harness Racing v Roemer*, 274 AD2d at 889, quoting *Titleserv, Inc. v Zenobio*, 210 AD2d 314, 315-316 [1994]; *see DG&A Mgt. Servs., LLC v Securities Indus. Assn. Compliance & Legal Div.*, 78 AD3d 1316, 1318 [2010]). Accordingly, Supreme Court providently exercised its discretion by denying plaintiff's motion.

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.