Clark, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered January 13, 2014 in Clinton County, which, among other things, granted plaintiff’s motion to compel certain disclosure.
Defendant is a public broadcaster and finances its activities through underwriting, a system by which supporters provide funding in return for promotional publicity. Plaintiff entered into a one-year independent contractor agreement with defendant in September 2008 and began selling underwriting contracts on a commission basis. Cirque du Soleil (hereinafter Cirque) was approached by plaintiff and rejected the idea of becoming a traditional underwriter, but floated a proposal that defendant *1051 produce a film about Cirque. Defendant thereafter terminated the independent contractor agreement with plaintiff in November 2008, but assured plaintiff that the terms of the agreement would remain effective with regard to Cirque. As a result of those assurances, plaintiff facilitated further discussions that culminated in defendant producing a documentary about Cirque that could be used to generate publicity for defendant’s fundraising efforts.
Plaintiff commenced this action after defendant refused to compensate her for her efforts, asserting claims for breach of contract, equitable estoppel and unjust enrichment. A discovery dispute arose after defendant refused to provide plaintiff with documents related to the value received by defendant from its interactions with Cirque, any documents related to communications or agreements between defendant and Cirque, and all versions of defendant’s website from November 2008 onward. Plaintiff eventually moved to compel a response to her discovery demands, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court issued a decision from the bench, which is not included in the record before us, granting plaintiffs motion and holding defendant’s cross motion in abeyance. Defendant now appeals from the written order effectuating that decision, arguing that Supreme Court improvidently granted the motion to compel.
We affirm. Supreme Court is vested with “broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion” (Mokay v Mokay, 111 AD3d 1175, 1177 [2013]; see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). In that regard, Supreme Court is empowered to “determine what is ‘material and necessary’ under CPLR 3101 (a),” although the party seeking disclosure remains responsible for showing how the requested materials are relevant to the issues at hand (Mora v RGB, Inc., 17 AD3d 849, 851 [2005]; accord Davis v Cornerstone Tel. Co., LLC, 78 AD3d 1263, 1264 [2010]).
Defendant asserts that plaintiff failed to meet that burden here, both because Cirque never entered into an underwriting contract that would entitle defendant to a commission under the independent contractor agreement and because said agreement precludes plaintiff from recovering upon an equitable theory. That being said, the sought-after discovery is largely aimed at revealing the exact nature of the arrangement between defendant and Cirque which, in turn, will determine the applicability of the independent contractor agreement and the nature of *1052 any relief that may be obtained by plaintiff. Further, plaintiff may proceed upon theories of breach of contract and quasi-contract until those questions are resolved, and she is accordingly entitled to conduct discovery of materials relevant to either (see Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [2014]; Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1131 [2011]; see also Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). Plaintiff thus demonstrated that the demanded discovery is relevant to her claims and, as such, Supreme Court properly exercised its discretion by granting her motion to compel.
McCarthy J.P, Egan Jr. and Devine, JJ., concur.
Ordered that the order is affirmed, with costs.