CLIFFORD CRANDALL, Respondent, *v.* FORD MOTOR COMPANY, Appellant.

Third Department, October 4, 1940.

*David F. Lee,* for the appellant.

*Bonney & Bonney* [*Albert Averbach* of counsel], for the respondent.

PER CURIAM. Appeal from an order for a pre-trial examination of defendant.

The order covers twenty-eight pages of the printed record; the subjects concerning which inquiries may be made are listed in sixty numbered paragraphs. The action is brought to recover $1,000,000 damages alleged to have been suffered through the claimed unauthorized use by the defendant of a device which it is alleged plaintiff originated and developed. The device had to do with the attachment of the aerial connected with the radio installed in thousands of automobiles manufactured by defendant. The scope of the order is too broad. It should be remembered that pre-trial examinations are not to be used to harass opponents

but rather to gain information which will prevent surprise upon the trial and permit the obtaining of knowledge of facts necessary to promote the ends of justice. Upon the trial of this case the question of defendant's liability may be determined following a comparatively brief trial. Should it be determined that liability exists the accounting and computation of the damages will be long and involved. These two issues should be tried separately. Under the present order plaintiff has too great an opportunity to harass and annoy defendant as is indicated by one of the sixty paragraphs:

" 23. An exact statement and complete disclosure of the nature, extent and contents of the knowledge or information of the corporate defendant with regard to whether or not in each of the aforesaid years subsequent to the spring of 1933, the Ford Motor Company has made a profit on the sales of such Ford, Ford V-8, Lincoln, Lincoln-Zephyr and/or Mercury automobiles so manufactured, sold and distributed by the defendant, Ford Motor Company, and that the installation of the aerial device above mentioned in each of such sales, constituted a portion of the profits so realized by the defendant, Ford Motor Company."

Many of the remaining fifty-nine paragraphs permit equally harassing inquiries. Many and varied motions and orders have been made in this litigation, and numerous bills of particulars furnished by defendant.

The order under review should be reversed and a new application permitted as this court does not deem it to be one of its duties to resettle this voluminous order. Any new order which is made should not permit inquiry as to the amount of damages until it shall be determined after trial that plaintiff is entitled to recover. Inquiry may be permitted to develop the facts as to whether or not this device claimed by plaintiff has been used by defendant. Examination should not be permitted as to subjects fully covered by bills of particulars. Before an additional examination is permitted as to such particulars the necessity therefor should be made to appear clearly in the moving papers.

The order should be reversed on the law and facts, with ten dollars costs and disbursements, without prejudice to the application for a new order.

HILL, P. J., CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, without prejudice to the application for a new order.