Abraham N. Geller, J.
This is an action based on the alleged appropriation of plaintiff’s idea for the use of certain premiums to be offered with cereal packages. There are two causes of action: the first on contract implied in fact; and the second on contract implied in law, or quasi-contract based on unjust enrichment. Defendant, an advertising agency for a cereal manufacturer, has objected to disclosing on its examination before trial matter relating to the number of such premiums bought by its client, the volume of sales and packages making use thereof, the advertising done in connection therewith, and the commissions realized by defendant as the result thereof. The grounds of objection are, first, that damages or reasonable value in an ‘ ‘ idea appropriation ’ ’ case may be proved only through expert testimony as to its value at the time of the alleged appropriation; and, second, that examination as to defendant’s receipts, costs, profits, etc., should not be permitted, especially in a highly competitive industry, until plaintiff has first established defendant’s liability to him.
It seems clear that ascertainment of reasonable value, particularly in connection with the doctrine of unjust enrichment underlying the quantum meruit count, involves a consideration not only of plaintiff’s services but also of the actual use of his idea inuring to the benefit of defendant (Matarese v. Moore-McCormack Lines, 158 F. 2d 631). The nature and extent of that use, insofar as defendant benefited therefrom, are relevant and germane to the issue of reasonable value chargeable to defendant, if plaintiff otherwise establishes his case against it.
There is no analogy between the limited inquiry here made and the sweeping examination before trial sought in Crandall v. Ford Motor Co. (260 App. Div. 380). The items of examination in Crandall were so voluminous and detailed that the court, in reversing the order granting examination before trial, suggested that a split trial be had, first briefly on the question of defendant’s liability, and, if found, then on the long and involved accounting and computation of damages. But it may be noted that the court held that plaintiff should be permitted to develop on an examination before trial the facts as to whether the device claimed by him was used by defendant. In any event, Crandall does indicate that damages in an “ idea appropriation ” case *186 involve proof of the nature and extent of the use or benefit derived therefrom by defendant.
The questions here involved are simple and few. Defendant may, of course, show on the trial other circumstances relating to such use and its commissions which must be taken into consideration on the issue of damages in determining the reasonable value of plaintiff’s idea.
The examination is to proceed.