■ ELY AZOULAY, Respondent-Appellant, v WILLIAM F. CASSIN, JR., Individually and Doing Business as W. C. REALTY CO., Appellant-Respondent.—In an action *inter alia,* to recover damages for breach of a partnership agreement, (1) the defendant appeals from so much of a judgment of the Supreme Court, Westchester County (Walsh, J., at trial on liability; Zeck, J.H.O., at trial on damages), dated March 25, 1986, as, upon a jury verdict on the issue of liability and a determination of a Judicial Hearing Officer on the issue of damages, is in favor of the plaintiff and against him in the principal amount of $56,000, and (2) the plaintiff cross-appeals, as limited by his brief, on the ground of inadequacy, from so much of the same judgment as is in his favor in the principal amount of only $56,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the plaintiff's complaint is dismissed.

The evidence presented by the plaintiff was insufficient as a matter of law to prove the existence of an oral agreement whereby the defendant was to convey to the plaintiff one half of his interest in the property located at 270 North Broadway in Yonkers, since the essential elements of such an agreement were either lacking or too indefinite. The evidence further

revealed that the plaintiff could not specifically state when and where the agreement was made, precisely when it would take effect, or when he was to receive his interest in the partnership. He was also unsure of the exact percentage of the defendant's interest in the building. These terms and conditions were important in determining exactly what the agreement provided, since the defendant sold part of his interest in the property. Significantly, the plaintiff also admitted that he did not contribute any money toward the purchase price of the property or to the costs related thereto, but suggested that in consideration for receiving one half of the defendant's interest in the property, he was to give the defendant "my expertise to put it together for him", i.e., to supervise the refurbishing of the building. The plaintiff was vague as to the specific duties he actually performed in consideration for receiving an interest in the property. Further, the plaintiff admitted that the work he did on the building located at 270 North Broadway was the same that he did as a salaried employee of W. C. Realty Co., a real estate management firm owned by the defendant, which managed numerous buildings (although the plaintiff claimed that he was a partner in W. C. Realty). W. C. Realty also managed 270 North Broadway. In sum, while services may be considered as valid consideration, the plaintiff's testimony as to exactly what services he was to perform and for how long he was to perform them was simply too indefinite to establish the existence of the essential terms of a complete, valid, and enforceable oral agreement. This court cannot supply such essential terms for the parties by implication *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Varney v Ditmars,* 217 NY 223; *Cosmolite Mfg. Co. v Theodus,* 122 AD2d 246; *Saunder v Baryshnikov,* 110 AD2d 511; *Aceste v Wiebusch,* 74 AD2d 810). Moreover, as the evidence presented as to the course of dealing between the parties could support a variety of conclusions as to the nature of their relationship regarding 270 North Broadway, the plaintiff failed to prove the existence of an oral partnership alleged by him *(cf., Strapex Corp. v Metaverpa N. V.,* 607 F Supp 1047). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.