■ COLLINS TUTTLE AND COMPANY, INC., Respondent-Appellant, v LEUCADIA, INC., et al., Appellants-Respondents, et al., Defendants. (And a Third-Party Action.)—Order of the Supreme Court, New York County (Charles Ramos, J.), entered on May 6, 1988, which granted plaintiff's motion to reargue and, upon reargument, adhered to its prior order, to the extent of dismissing the amended complaint as against defendant Joseph S. Steinberg and denying dismissal of the fourth cause of action, and amended its prior order, to the extent of dismissing the first, second and third causes of action against the corporate defendants for failure to state a cause of action and dismissing the amended complaint as against defendant Adrienne Bernstein for failure to state a cause of action, unanimously modified, on the law, to the extent of limiting plaintiff's recovery in quasi-contract to the value of services rendered in preparation of the setup and striking so much of the fifth decretal paragraph as permits a right to recovery of one half of the brokerage commission and, except as so modified, affirmed, without costs.

The essential facts of this matter are not in dispute. Plaintiff served as the renting agent for the premises known as 315 Park Avenue South, New York, New York, and prepared a brochure, known as a "setup," describing the premises. It was compiled from information supplied by the corporate defen-

dants and was periodically updated by plaintiff. In early 1984, the corporate defendants obtained a copy of the latest version of the setup, which they gave to another real estate broker who used it to interest British Land of America (BLA) in the premises. In August 1984, BLA entered into a contract with the corporate defendants to purchase the premises. Plaintiff played no part in introducing BLA to the sellers.

While Supreme Court correctly observed that plaintiff's fourth cause of action is broad enough to state a claim based upon quasi-contract *(Miller v Schloss,* 218 NY 400), its conclusion that plaintiff might recover half of the brokerage commission on that basis is in error. Recovery on a claim premised upon quasi-contract or unjust enrichment is limited to the reasonable value of the services rendered by the plaintiff *(Isaacs v Incentive Sys.,* 52 AD2d 550). In view of Supreme Court's finding pursuant to CPLR 3212 (g) that there was no exclusive sales agency agreement between the parties, measurement of plaintiff's recovery on the basis of one half of the brokerage commission actually paid, as in *Interactive Props. v Doyle Dane Bernbach* (125 AD2d 265, 272), is entirely inappropriate.

Plaintiff is limited to recovery of the value of the brochure or setup which it prepared. The mere use of this sales material to interest the purchaser in acquiring the premises does not elevate plaintiff to the status of a cobroker on the transaction. Concur—Asch, J. P., Kassal, Rosenberger, Wallach and Rubin, JJ.