Craig CARLINO, Plaintiff,

v.

Steven KAPLAN, et al. Defendants.

No. 99 Civ. 4926(AKH).

United States District Court,
S.D. New York.

May 4, 2001.

Steven R. Popofsky, Gersten, Savage & Kaplowitz, L.L.P., New York City, for plaintiff.

Jay Edmund Russ, Russ & Russ, Massapequa, NY, for defendants.

### MEMORANDUM AND ORDER LIMITING QUANTUM MERUIT DAMAGES

HELLERSTEIN, District Judge.

The issue that I have been asked to decide is whether a business consultant, who provides services for the marketing and management of an adult entertainment club without a contract but with the expectation of being paid, is entitled to receive the reasonable value of the hours of his service or alternatively some percentage of the club's gross business. I hold, for the reasons stated below, that Plaintiff's damages should be limited to a measure based on a reasonable hourly rate multiplied by the number of hours actually worked, and I therefore grant Defendants' motion to limit damages.

### THE FACTS AS ALLEGED

Plaintiff alleges that he is a business consultant with experience in adult entertainment clubs, and that Defendants own and operate such a club in Atlanta, Georgia, Plaintiff alleges that he is entitled to recover the reasonable value of his services, measured as a percentage of the club's profits, under any of three alternative theories: on an alleged contract which Defendants breached; on the basis of quasi-contract or quantum meruit; or for fraud.

On December 21, 1999, following motions, I dismissed the claims based on breach of contract and fraud, and sustained the claim for quantum meruit. Thereafter, Plaintiff filed an Amended Complaint based on quantum meruit, but continued to claim that the only way to measure the reasonable value of the services he rendered to Defendants was by a percentage of the gross receipts of the club, not by an hourly rate for the hours he worked. Defendants moved to limit Plaintiff's damages to a measure based on the number of hours worked. This is the motion that I now decide.

### DISCUSSION

■ The governing law, it appears, should be that of Georgia and, secondarily, of New York. Plaintiff lives in New York, but delivered the bulk of his consultation services in Georgia, intended for Defendants' club in Atlanta, Georgia.

■ Generally, the measure of recovery for a claim based on quantum meruit is the reasonable value of the services rendered. *G. Carbonara & Co. v. Helms*, 205 Ga.App. 547, 423 S.E.2d 36, 37 (1992); *Moors v. Hall*, 143 A.D.2d 336, 337–38, 532 N.Y.S.2d 412 (2d Dept.1988); Restatement of Contracts 2d, § 347 (1932); *see also United States ex rel Susi Contracting v. Zara Contracting Co.*, 146 F.2d 606, 610 (2d Cir.1944). Where there is no contract, but it is clear from the circumstances that the party delivering services expected to be paid, and the party receiving those services would be unjustly enriched were he not to pay, the reasonable value of the services provided is generally considered

just and appropriate compensation. *Davis & Mamber, Ltd. v. Adrienne Vittadini, Inc.*, 212 A.D.2d 424, 424–25, 622 N.Y.S.2d 706 (1st Dept.1995). The standard may also be defined as "the amount for which such services could have been purchased from one in the plaintiff's position at the time and place the services were rendered," *United States v. Algernon Blair, Inc.*, 479 F.2d 639, 641 (4th Cir.1973); *see also Scaduto v. Orlando*, 381 F.2d 587, 595 (2d Cir.1967); 5 Corbin on Contracts § 1112 (1964), or the amount for which the defendant could have obtained services under like circumstances. Williston on Contracts § 1459A (1970).

■ For the most part, compensation under quantum meruit is based on an hourly rate for the amount of time services that are rendered. *See e.g., Collins Tuttle & Co., Inc. v. Leucadia Inc.*, 153 A.D.2d 526, 544 N.Y.S.2d 604 (1st Dept.1989) (rejecting a claim that a quantum meruit recovery should be based on the benefit received from plaintiff's work); *Lesny Development Co. v. Kendall*, 164 Cal.App.3d 1010, 210 Cal.Rptr. 890 (4th Dist.1985) (holding that the plaintiff was entitled to receive reimbursement based on reasonable value of services, not incremental value added to defendant's property as a result of plaintiff's services); *Magann Corp. v. Diamond Manufacturing Co.*, 775 F.2d 1202 (4th Cir.1985) ("profits per se have no place in a quantum meruit recovery"). The rationale for such a limitation is clear. Contracts are made by the parties, not by courts, and it is up to the contracting parties to negotiate and agree upon the method and scope of compensation. Courts will not create agreements where the parties have failed to do so. *See Azoulay v. Cassin*, 128 A.D.2d 660, 661, 512 N.Y.S.2d 900, 902 (2d Dept.1987) ("This court cannot supply such essential terms for the parties by implication.")

■ There are, however, well-recognized exceptions based on clear and accepted market place conventions. Real estate and other business brokers and finders are generally compensated by percentages of the purchase price customary to the locality or the business. *See, e.g., E.L. Klewicki Co. v. American Screw Products*, 690 F.2d 85, 86–87 (6th Cir. 1982) (holding that plaintiff was entitled to one percent of gross sales in quantum meruit for the period involved). Where a business appropriates an invention or project devised by another and would be unjustly enriched by the appropriation, a percentage of the profits produced by that invention or device is likely to be awarded. *See, e.g., Matarese v. Moore–McCormack Lines*, 158 F.2d 631 (2d Cir.1947) (plaintiff created a loading apparatus for defendant, benefiting defendant with extensive, proved savings); *Dean v. Kenyon & Eckhardt, Inc.*, 39 Misc.2d 184, 240 N.Y.S.2d 551 (1963) (plaintiff's idea for premiums in cereal packages adopted, resulting in proved and substantial increases of revenues and profits). In such cases, the value of the benefit conferred is likely to be disproportionate to the value of the services rendered, causing unjust and inequitable results if compensation were to be based on hourly rates rather than the benefits that were appropriated.

Plaintiff argues that if Defendants had contracted to obtain consulting services, Defendants would have been required to pay for those services by awarding a percentage of the gross receipts of the club, in the same way that brokers and finders and contributors of inventions and ideas are compensated. In support of this contention, Plaintiff submitted various consulting agreements employed in the adult entertainment business.

■ Plaintiff's argument is speculative; Plaintiff and Defendants failed to agree to

compensation, and the court cannot substitute for that failure. The consulting agreements in the adult entertainment industry that Plaintiff has offered do not follow any well-established convention, but vary greatly in defining the scope of services provided by the consultants, the length of time over which the services were to be delivered, and the amounts of consulting fees and incentive payments that the adult entertainment clubs agreed to pay. For example, a Consulting Agreement listing RB Productions, Inc. as Consultant provided for consulting fees in the amount of twenty percent of the net monthly income of the entire operation, while a second agreement listing The Dollhouse Productions N.C. as the Entertainment Company to serve as consultant provided that the consultant would receive three percent of the gross receipts for services as well as three percent for the use of the name and trademark, totaling a base percentage of only six percent. The description of services to be provided also varied between agreement. For example, several required that the Consultant provide club merchandise, introduce employees, give advisory recommendations and attend grand openings, while others in addition also required that the Consultant hire, train, and terminate employees, participate in marketing and publicity activities, collect fees, and maintain a cash register and desk. Clearly, there is no standard or convention in the industry to support an intervention by the court.

Importantly, courts do not write contracts, parties do. *See Reilly v. Steinhart,* 217 N.Y. 549, 552–53, 112 N.E. 468 (1916). Where a plaintiff provides services with the clear expectation of compensation, and the parties failed to formalize their agreement in a contract that can be recognized by the court, the law provides for compensation based on the reasonable value of services. However, here, where no convention exists to support an intervention by the court, it would be improper for a court to write a contract for the parties where none previously was written. I cannot assume the terms that the parties may, perhaps, have written into a contract. I would have no basis to impose what would be reasonable and appropriate in relation to defining a base period, the nature and quantification of benefits received from consultations, the controls that might be appropriate to eliminate the influence of other market conditions, the time frame for services and compensation, or the many other factors that might be pertinent to consulting contracts. The only certain way to measure compensation is to base it on a reasonable hourly rate multiplied by the actual number of hours Plaintiff provided services to the Defendants, plus reimbursement of expenses reasonably and appropriately incurred in the delivery of the services.

Accordingly, Defendants' motion to limit damages is granted to the extent it requests that Plaintiff's damages be measured by reasonable hourly rates. The parties are ordered to appear for a case management conference on May 18, 2001, at 10:00 a.m., to discuss the remaining steps necessary to bring this case to trial or other resolution.

SO ORDERED.