*1072 OPINION OF THE COURT
Richard M. Platkin, J.
By amended decision and order dated June 5, 2008, this court granted defendants’ motion to dismiss the 27 causes of action pleaded in plaintiffs amended complaint and denied plaintiffs cross motion to serve a second amended complaint (Davis v Cornerstone Tel. Co., LLC, 19 Misc 3d 1142[A], 2008 NY Slip Op 51141[U] [2008]). On appeal, this order was modified to the limited extent that the dismissal, on statute of limitations grounds, of a portion of a single cause of action was reversed (Davis v CornerStone Tel. Co., LLC, 61 AD3d 1315, 1316 [3d Dept 2009]). In Ml other respects this court’s prior order was affirmed (see id.).
What remains of this litigation is a claim of unjust enrichment for nonmonetary benefits allegedly conferred by plaintiff upon defendants between August 28, 2001, six years prior to the date of commencement of this action, and December 31, 2001, when plaintiff ultimately severed his business relationship with defendants. Defendants have served and filed their answer to this remaining cause of action.
Plaintiff has now served discovery demands on defendants. Defendants have responded with a motion for a protective order; plaintiff counters with a cross motion to compel disclosure.
As a threshold matter the court must address plaintiff’s procedural objection to defendants’ application. Plaintiff contends that the advance notice requirements for motion practice in the Commercial Part of Supreme Court (22 NYCRR 202.70, rule 24) were ignored by defendants. Subdivision (b) of rule 24, however, clearly exempts “disclosure disputes” from its ambit. Accordingly, there was no impropriety in defendants’ having brought this motion.[1]
In order to delineate the appropriate bounds of discovery, it is necessary to understand the nature of the claim at issue. Plaintiff contends that he provided defendants with reduced office rent, with telephone and computer services, with payments of their office utility bills, and with what can broadly be described as consulting services for the start-up of defendants’ telecommunications business. Plaintiff further alleges that defendants were unjustly enriched by these contributions, as defendants benefitted from plaintiff’s contributions and yet wrongfully failed to compensate him for them.
*1073 If ultimately successful, plaintiff will be entitled to restitution for the value of his contributions to defendants, owing to “the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another” (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], quoting Miller v Schloss, 218 NY 400, 407 [1916]). Critical to this analysis is the absence of an enforceable contractual relationship between the parties: equity steps in to remedy an otherwise inappropriate or unjust result (id.). Where there is an enforceable contract, however, the prosecution of an unjust enrichment claim ordinarily is barred (id., citing Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
This distinction between unjust enrichment and contractual causes of action impacts the permissible scope of discovery in this case. Plaintiff proceeds under the mistaken belief that success in the present litigation means that he will be entitled to enjoy a measure of damages tantamount to the benefit of his bargain, which has previously been held unenforceable. This misapprehension is reflected in his discovery demands, which essentially seek to ferret out every nickel of profit connected, however tangentially, to his prior relationship with defendants.
On the contrary, the measure of recovery for a claim based on quantum meruit generally is limited to the reasonable value of the services rendered (Carlino v Kaplan, 139 F Supp 2d 563 [SD NY 2001]; Collins Tuttle & Co. v Leucadia, Inc., 153 AD2d 526 [1st Dept 1989]; Giordano v Thomson, 564 F3d 163 [2d Cir 2009]). Plaintiff’s pursuit of the “benefit of his bargain” through a claim to some portion of the equity and/or profits of CornerStone, a contention soundly rejected on the prior motion practice,[2] “would . . . improperly . . . establish something like [his] expectation interest under the [failed contract], not the restitution (or sometimes reliance) interest that is the proper focus of quantum meruit” (Memorial Drive Consultants, Inc. v ONY, Inc., 29 Fed Appx 56, 61 [2d Cir 2002]). Nor is this a case where plaintiff has demonstrated that “clear and accepted market place conventions” establish an alternative measure of valuing the services rendered to defendants (Carlino at 565; compare Segal v Cooper, 49 AD3d 467 [1st Dept 2008] [real estate brokerage commission], with Collins Tuttle & Co. v Leucadia, Inc., supra [reasonable value of real estate marketing materials]).
*1074 To hold otherwise would put this court in the position of writing a contract for the parties. As United States District Judge Hellerstein articulated in a similar case:
“Importantly, courts do not write contracts, parties do . . . Where a plaintiff provides services with the clear expectation of compensation, and the parties failed to formalize their agreement in a contract that can be recognized by the court, the law provides for compensation based on the reasonable value of services. However, here, where no convention exists to support an intervention by the court, it would be improper for a court to write a contract for the parties where none previously was written. I cannot assume the terms that the parties may, perhaps, have written into a contract. I would have no basis to impose what would be reasonable and appropriate in relation to defining . . . the nature and quantification of benefits received from consultations, the controls that might be appropriate to eliminate the influence of other market conditions, the time frame for services and compensation, or the many other factors that might be pertinent to consulting contracts. The only certain way to measure compensation is to base it on a reasonable hourly rate multiplied by the actual number of hours Plaintiff provided services to the Defendants, plus reimbursement of expenses reasonably and appropriately incurred in the delivery of the services.” (Carlino v Kaplan, 139 F Supp 2d 563, 566 [SD NY 2001] [citations omitted].)
Inasmuch as any ultimate entitlement to damages will be limited to the value of what plaintiff contributed to defendants in the latter part of 2001, defendants’ subsequent profits or losses, whether related to plaintiffs contributions or not, are irrelevant. Accordingly, plaintiffs discovery demands are over-broad.
Plaintiff is, of course, entitled to “full disclosure of all matter material and necessary in the prosecution ... of [his] action” (CPLR 3101 [a]). This would encompass any and all information relevant to determining such things as: the value of any difference between the rent actually .paid by defendants to plaintiff between August 28 and December 31, 2001 and the fair market rent for the premises in question for such period; the value of any telephone and computer services provided by plaintiff to *1075 defendants during the period; any utility bills actually paid by plaintiff on defendants’ behalf during the period; and also the reasonable value of any consulting services provided by plaintiff to defendants during the period.[3]
In reviewing the 68 different subcategories of documents demanded by plaintiff of each of the defendants and required to be produced by the individual defendants (all of whom have been noticed for deposition), the court determines that these demands are deemed modified so as to require production by defendants of:
1. Minutes and records of meetings of CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. that occurred between August 28, 2001 and December 31, 2001;
2. Minutes and records of meetings of CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. that make reference to any business conducted between August 28, 2001 and December 31, 2001;
3. Minutes and records of meetings of CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. that make reference to: rental payments for office space; payments for telephone service; payments for computer service; payments of utilities; or services of any kind performed by Lawrence A. Davis, also known as Larry Davis, for or on behalf of any defendant during the period from August 28, 2001 to December 31, 2001;
4. Any and all documents, notes, records or correspondence in the possession of any defendant that refers to any business conducted by or on behalf of CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. between August 28, 2001 and December 31, 2001;
5. Any and all documents, notes, records or correspondence in the possession of any defendant that refers to any service performed for, or benefit received by, any defendant from Lawrence A. Davis, also known as Larry Davis, between August 28, 2001 and December 31, 2001;
*1076 6. Any and all tax returns prepared or filed by or for CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. for tax year 2001;
7. Any and all financial statements for CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. for 2001 or for any part of 2001 containing any date between August 28, 2001 and December 31, 2001;
8. Any and all bills, receipts, demands, notices, checks, payment vouchers or other records relating to the payment of or for office rent, telephone service, computer service, electric service, heat or other utilities consumed by CornerStone Telephone Company, LLC, CSTC, LLC or Combined Solutions, Inc. between August 28, 2001 and December 31, 2001; and
9. Any and all bills, receipts, demands, notices, checks, payment vouchers or other records relating to any payment made to or requested by Lawrence A. Davis, also known as Larry Davis, or LAD Industries, Inc. during or for the period of August 28, 2001 to December 31, 2001.
Accordingly, it is ordered that defendants’ motion for a protective order is granted to the limited extent that plaintiff’s discovery demands are deemed amended as detailed in this decision and order; and it is further ordered that plaintiffs cross motion for an order compelling discovery is granted to the limited extent that defendants are directed to comply with the provisions of this decision and order within 45 days of the date of its issuance.

. In any event, the com* did conference the issues raised by defendants’ application with counsel prior to considering the parties’ written submissions.

. Specifically, the court rejected plaintiffs theory that defendants have been continually unjustly enriched by their receipt of profits from CornerStone that allegedly should have flowed to plaintiff.

. In this context, the court notes that plaintiff devotes considerable attention in the present litigation to his efforts expended toward defendants obtaining a license from the Public Service Commission to operate a part of their business. Inasmuch as the entire application process predated August 28, 2001 (the license itself was issued on August 29, 2001), none of this is within the scope of the limited portion of the single cause of action that remains in this lawsuit.