11-698-cv
Sokol Holdings v. BMB Munai

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

S U M M A R Y   O R D E R

**Rulings by summary order do not have precedential effect.  Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1.1 and Federal Rule of Appellate Procedure 32.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand eleven.

Present:  RALPH K. WINTER,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SOKOL HOLDINGS, INC., BRIAN SAVAGE and THOMAS SINCLAIR,

        Plaintiffs-Appellants,

              v.                                   11-698-cv

BMB MUNAI, INC., ALEXANDRE AGAIAN, BAKHYTBEK BAISEITOV, GEORGES BENARROCH, BORIS CHERDABAYEV, MIRGALI KUNAYEV, CREDIFINANCE CAPITAL, INC. and CREDIFINANCE SECURITIES, LTD.,

        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                        Jerome M. Marcus, Jonathan Auerbach,
                        Marcus & Auerbach LLC, Jenkintown, PA,
                        Thomas E. L. Dewey, Dewey Pegno &
                        Kramarsksy, LLP, New York, NY, for
                        Plaintiffs-Appellants.

                        Robert A. O'Hare Jr., Andrew C. Levitt,
                        O'Hare Parnagian LLP, New York, NY,
                        Brent V. Manning, Sammi V. Anderson,

1

James E. Ji, Manning Curtis Bradshaw & Bednar LLC, Salt Lake City, UT, for Defendants-Appellees.

Appeal from United States District Court for the Southern District of New York (Wood, J.).

UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said court be and hereby is AFFIRMED.

We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellants assert that appellees tortiously interfered with their contract with Emir Oil. To establish a prima facie case of tortious interference with contract under New York law, appellants must show (i) the existence of a valid contract between them and a third party; (ii) the "defendant's knowledge of the contract"; (iii) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (iv) "actual breach of the contract"; and (v) "damages resulting therefrom." Kirch v. Liberty Media Corp., 449 F.3d 388, 401-02 (2d Cir. 2006) (quoting Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996)).

The Emir-Sokol agreement would have allowed appellants to acquire 100% of Tolmakov's 70% interest in the ADE fields venture. Appellants seek as damages the value of a 20% interest in the ownership bloc that would have been acquired by them under their contract with Emir Oil. However, it is undisputed that appellants failed to perform their obligations under the Emir-

2

Sokol contract.

The district court held that appellants could not establish damages because they "were unable to perform." Appellants challenge that holding and assert that they could have performed. However, the only evidence relied upon is a bank account containing $700,000, which, they state, was available to be transferred to Emir Oil. However, the evidence is clear that this account belonged to the BM&B Defendants and was under their exclusive control.[1]

Appellants nevertheless insist that they could have raised the necessary funds to perform the Emir-Sokol agreement. Taking them at their word, however, merely returns the issue to their decision to not perform. If they had the ability to perform, but did not, then they were unwilling to do so, and their tortious interference claim fails for that reason.

Appellants argue that they were not required to perform because Tolmakov anticipatorily repudiated the Sokol-Emir contract when he accepted a $200,000 cash payment from Kunayev on the same day he signed the Emir-Sokol contract. To establish an anticipatory breach under New York law, appellants must show either (i) "a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give

---

[1] Appellants claim that they had an oral investment agreement with the BM&B Defendants but do not assert a claim for breach of that agreement.

3

the obligee a claim for damages for total breach," or (ii) "a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." Computer Possibilities Unlimited, Inc. v. Mobil Oil Corp., 747 N.Y.S.2d 468, 474-75 (App. Div. 1st Dep't 2002) (citation and internal quotation marks omitted). An anticipatory repudiation also occurs where a party voluntarily "disable[s] itself from complying with its contractual obligations." Id. at 475 (citation and internal quotation marks omitted).

Once an anticipatory repudiation occurs, the other party need not continue performing under the contract; however, that party must "demonstrate that he had the willingness and ability to perform before the repudiation and that [he] would have rendered the agreed performance if the defendant had not repudiated." Record Club of Am., Inc. v. United Artists Records, Inc., 890 F.2d 1264, 1275 (2d Cir. 1989). This rule is an application of the general principle that the plaintiff must demonstrate the breach caused him injury; under an anticipatory breach theory, "he must prove that he intended to and was able to perform when his performance was due." Id. (citation and internal quotation marks omitted); see also Ross Bicycles, Inc. v. Citibank, N.A., 606 N.Y.S.2d 192, 193 (App. Div. 1st Dep't 1994). Because appellants cannot demonstrate that they were able and willing to perform, this rule bars their claim.

4

Appellants rely upon case law suggesting that a party does not need to prove a willingness and ability to perform once there has been an anticipatory breach.  See Am. List Corp. v. U.S. News & World Report, 75 N.Y.2d 38, 44-45 (1989).  However, where the plaintiff seeks expectancy, rather than restitutionary, damages, as is the case here, the plaintiff "must make a prima facie showing in its moving papers [at the summary judgment stage] that, but for the other party's anticipatory breach, it was ready, willing and able, including financially able, to perform its obligations under the contract."  Emposimato v. CIFC Acquisition Corp., No. 601728 2008, 2011 WL 833801, at *13 (N.Y. Sup. Ct. Mar. 7, 2011).

Appellants cannot make such a showing.  The alleged anticipatory breach is Kunayev's payment in April 2003.  However, appellants first learned of this alleged breach during Kunayev's deposition in May 2008, after this case had been brought and five years after they failed to perform under the Emil-Sokol contract.  They cannot, therefore, show that they were willing to perform but for the alleged anticipatory breach.

Not having performed, and now, the value of the deal having been determined in hindsight, appellants seek by a lawsuit to reap the benefits, without ever having incurred the risks.  The district court, therefore, did not err in dismissing the appellants' claim for tortious interference with contract.

5

Appellants also assert a claim for unfair competition.  The measure of damages under a claim for unfair competition is "the amount which the plaintiff would have made but for the defendant's wrong, and not the profits received by the defendants."  Suburban Graphics Supply Corp. v. Nagle, 774 N.Y.S.2d 160, 163-64 (App. Div. 2d Dep't 2004).  Again, because the appellants could have performed under the Emir-Sokol contract and reaped its benefits, they are not entitled to lost profits.  The only damages to which appellants may be entitled is the value of their work product.  Appellants' briefs paint their efforts as critical to the final product; but, when the district court offered to hold a trial determining the worth of those efforts, appellants stipulated that it was too meager to justify a trial.  We need not consider this issue further, therefore.

Appellants' claim for unjust enrichment may well be barred by New York's statute of frauds contained in General Obligations Law § 5-701(a)(10).  See Snyder v. Bronfman, 13 N.Y.3d 504, 506-09 (2009) (rejecting the plaintiff's claim for breach of an oral agreement to form a joint venture under similar facts and holding that the "essence" of the claim was that his efforts led to the defendant's deal, precisely the type of claim barred by the statute of frauds).  Even if the New York statute of frauds did not foreclose this claim, however, the only damages appellants would be entitled to recover is the "reasonable value of the

6

services [they] rendered" to the BM&B Defendants. <u>Collins Tuttle & Co. v. Leucadia, Inc.</u>, 544 N.Y.S.2d 604, 605 (App. Div. 1st Dep't 1989). As discussed immediately <u>supra</u>, they have already refused a trial on these damages.

We have considered appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgement of the district court is hereby AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk