11-2813-cv
United Mobile v. Pegaso

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

Present:     AMALYA L. KEARSE,
             CHESTER J. STRAUB,
             ROSEMARY S. POOLER,

                        *Circuit Judges.*

_____

UNITED MOBILE TECHNOLOGIES, LLC, KARGO, INC.,
ACK VENTURES HOLDINGS, LLC

                        *Plaintiffs-Appellants*,

             -v-                                        11-2813-cv

PEGASO PCS, S.A. DE C.V., PEGASO
TELECOMMUNICACIONES S.A. DE C.V., TELEFONICA
MOVILES MEXICO S.A. DE C.V., TELEFONICA MOVILES,
S.A., TELEFONICA S.A.,

                        *Defendants-Appellees*.

_____

Appearing for Plaintiffs-Appellants:     Alan M. Grayson, (Victor A. Kubli, *on the brief*),
                                         Grayson Law Center, P.C., Germantown, M.D.

Appearing for Defendants-Appellees:     Shand Stephens, (Lawrence S. Hirsh, Steven J.
                                        Young, *on the brief*), Dewey & LeBoeuf LLP, New
                                        York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Haight, *J.* & Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs appealing from the district court's judgment dated June 27, 2011, amended on November 10, 2011, argue that 1) defendants-appellees were subject to general and specific personal jurisdiction under N.Y. C.P.L.R. § § 301 and 302(a)(3)(ii), 2) summary judgment was improperly granted because a genuine issue of material fact existed as to defendants' breach of contract executed under New York law, and 3) the district court erred in calculating the reasonable value under a theory of *quantum meruit*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on review.

We review the grant of a motion to dismiss for want of personal jurisdiction de novo. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). Under N.Y. C.P.L.R. § 301, general jurisdiction is established if the defendant is shown to have "engaged in continuous, permanent, and substantial activity in New York." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (internal quotations omitted). In general, lower courts have discretion to determine the time-period for the jurisdictional analysis but typically include circumstances "up to and including the date the suit was filed." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569-70 (2d Cir. 1996). Here, the district court correctly found no general jurisdiction given the limited number of contacts at the time of the filing of the complaint.

Alternatively, N.Y. C.P.L.R. § 302(a)(3)(ii) permits a court to exercise long-arm jurisdiction over a foreign defendant for a cause of action arising out of the defendant's "tortious act," leading to a reasonable expectation of jurisdictional "consequences." N.Y. C.P.L.R. § 302(a)(3)(ii). In such cases, New York courts apply the "situs-of-injury" test which asks where the "original event which caused the injury" occurred. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001). Courts usually find the situs of the injury, in tortious interference actions, is where the company "lost business," not the location from which the company primarily operates. *Cosmetech Int'l, LLC v. Der Kwei Entm't. & Co.*, 943 F. Supp. 311, 319 (S.D.N.Y. 1996). In contrast, in cases of unlawful termination, this court has located the situs of the injury at the place of employment. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84-85 (2d Cir. 2001). In this case of tortious interference, the lower court properly found a lack of personal jurisdiction in New York, when the loss of business occurred in Mexico.

We review de novo a district court's grant of summary judgment with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Under New York contract law, it is well established that even if the parties have agreed upon all the terms of a proposed contract, if they do not intend to be bound by an agreement until it is in writing and signed, then there is no contract until the written instrument is executed. *R.G. Grp, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984). Where an agreement, such as

this one, (i) was 25-pages, (ii) contained several detailed components, (iii) included a termination fee of $112.6 million, according to plaintiffs, and (iv) required approval by both parties' attorneys, we conclude that the parties intended to be bound only upon execution. Therefore no genuine issue of material fact exists as to a breach of a contract, because the contract was never executed.

Although no contract existed, courts in some circumstances will prevent unjust enrichment under the doctrine of *quantum meruit*, to compensate the claimant for the "reasonable value of services rendered." *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 97 (2d Cir. 1994). In general, reasonable value is based on an hourly rate, but courts will, in certain instances, provide additional compensation "[w]here a business appropriates an invention or project devised by another and would be unjustly enriched by the appropriation . . . ." *Carlino v. Kaplan*, 139 F.Supp. 2d 563, 565 (S.D.N.Y. 2001). In this case, plaintiffs did not prove appropriation because their invention (i) was not designed for defendants' unique use, (ii) was designed prior to the start of the parties' relationship, and (iii) was only intended to be licensed. *Cf. Matarese v. Moore-McCormack Lines*, 158 F.2d 631, 635 (2d Cir. 1946) (finding appropriation where plaintiff created a loading apparatus explicitly made for defendant's unique dock, benefitting defendant with extensive, proved savings).

We have considered plaintiffs remaining claims and find them to be without merit substantially for the reasons articulated by the district court in its well-reasoned orders.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk